IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THOMAS STUCK,

      Movant,

v.                                                      CIVIL ACTION NO.  2:08-0240
                                                                 CRIMINAL  ACTION  NO. 2:04-00190

UNITED STATES OF AMERICA,

      Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending is the Motion by Thomas Stuck to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255 (Doc. 97).  On November 24, 2009, Magistrate Judge Stanley issued Proposed Findings and Recommendations in which she recommended that the motion be denied.  For the reasons explained below, the Court **ACCEPTS** the magistrate judge's recommendation, **ADOPTS** her findings and **DENIES** Mr. Stuck's motion.

**Background**

Thomas Mitchell Stuck is currently serving a sentence of 264 months, following his conviction by a jury for violations of 18 U.S.C. § 922(g)(1) (Felon in possession of a firearm) and 18 U.S.C. § 922(j) (Possession of a stolen firearm transported in interstate commerce).  The jury acquitted him on two counts contained within the indictment.  At sentencing, in addition to his term of imprisonment, this court imposed a five-year term of supervised release, a fine of $2,000, and a

total special assessment of $200. Defendant was unsuccessful in his appeal of his convictions. *See United States v. Stuck*, No. 05-4467, 227 Fed. Appx. 219 (4th Cir. Mar. 16, 2007).

On April 7, 2008, Mr. Stuck timely filed the instant motion for *habeas corpus* relief pursuant to 28 U.S.C. § 2255. In his motion he raised the following grounds for relief: first, that his attorney did not attempt to negotiate a plea bargain despite Mr. Stuck's request; second, that his attorney failed to convey to Mr. Stuck that the United States Attorney had offered a plea deal in the case. The United States responded arguing that defendant could not show prejudice as a result of his attorney's failure to pursue a plea deal. In response to the second ground, the United States claimed that it had never offered Mr. Stuck's attorney a plea bargain.

In her Proposed Findings and Recommendations Judge Stanley found, in light of the Government's response, that the claim Mr. Stuck's attorney had failed to convey an plea offer to him had no merit. Interpreting the American Bar Association's (ABA's) Standard 4-6.1, "Duty to Explore Disposition Without Trial," Judge Stanley found that it did not impose a duty to engage in plea discussions. Judge Stanley further noted that it was clear from his presentence report that Mr. Stuck had "maintained his innocence of all the charges and was not interested in admitting his guilt." Proposed Findings and Recommendations (Doc. 118). It was based upon these findings that Judge Stanley recommended denial of Mr. Stuck's motion.

On December 14, 2009, Mr. Stuck filed objections to the Proposed Findings and Recommendations. Mr. Stuck objected to the finding that there is no duty to engage in plea negotiations, by claiming that there is such a duty when "counsel is unable to show a tactical or strategic reason for not engaging in plea discussions." Def.'s Obj. to the Magistrate's Proposed Findings and Recommendations (Doc. 121). Mr. Stuck argued that "[w]hile no plea offer may have

been extended, given the fact that counsel was able to convince the jury that there was not enough evidence to convince them of Petitioner's guilt on two counts of the indictment, it would be fair to say that counsel would have been able to convince the United States Attorney of this fact for the purpose of extending a plea." *Id.* As authority for his position he cites the cases of *Boria v. Keane*, 99 F.3d 492, 496 (2d Cir. 1996); *Johnson v. Duckworth*, 793 F.2d 898, 901 (7th Cir. 1986); *United States ex rel. Caruso v. Zelinsky,* 689 F.2d 435, 438 (3d Cir. 1982); and, *United States v. Rodriguez*, 929 F.2d 747, 752 (1st Cir. 1991).

Mr. Stuck also objects "to the Magistrate's implication that the failure to admit guilt during the presentence investigation should excuse defense counsel's failure to engage in plea discussions." Def.'s Obj. to the Magistrate's Proposed Findings and Recommendations (Doc. 121). He argues that any admission of guilt prior to his appeal of conviction would have been detrimental to his case.[1]

**Analysis**

It is well established that the sixth amendment's guarantee of a right to counsel encompasses a right to the effective assistance of counsel. *Unites States v. Cronic,* 466 U.S. 648, 654 (1984); *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980); *Powell v. Alabama*, 287 U.S. 45, 53 (1932). The landmark test or ineffective assistance of counsel was established in *Strickland v. Washington*, 466 U.S. 668 (1984). There the Court held, "[w]hen a convicted defendant complains of the

---

[1] Mr. Stuck also mistakenly asserts that the jury returned a verdict of not guilty on counts two and four of the indictment and that his failure to admit guilt on these charges should not be held against him. In fact, the jury convicted him on counts two and four. He was acquitted on counts one and three of the indictment.

ineffectiveness of counsel's assistance, the defendant must show that counsel's representations fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. Under this test, "the performance inquiry must be whether counsel's assistance was reasonable considering all of the circumstances." *Id.* at 688. In conducting a review of counsel's performance the court should give wide latitude to different strategies and styles. As such, there exists "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Id.* At 689.

If a movant is able to show that counsel's performance fell below the standard of reasonableness the court must then proceed to determine whether or not there was prejudice as a result of the defective performance. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. In order to receive relief, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In his objections Mr. Stuck appears to concede that the Government did not make a plea offer. In any case, he is not able to provide any evidence in support of his original contention that the Government offered a plea arrangement that was not conveyed to him by counsel. The Court agrees with Magistrate Judge Stanley that this argument has no credibility.

While the defendant does correctly cite several cases for the proposition that a plea agreement, once offered, must be conveyed by defense counsel to his client, these cases are not on point in the instant situation where no plea agreement was offered. *See Johnson v. Duckworth*, 793 F.2d 898, 901 (7th Cir. 1986); *United States ex rel. Caruso v. Zelinsky,* 689 F.2d 435, 438 (3d Cir. 1982); and, *United States v. Rodriguez*, 929 F.2d 747, 752 (1st Cir. 1991). Likewise, the case of

*Boria v. Keane*, 99 F.3d 492 (2d Cir. 1996) is not inapplicable. *Boria* stands for the proposition that defense counsel must explain the consequences of a plea offer before allowing his client to accept or reject that offer.

The Court agrees with the magistrate judge's interpretation of the ABA's standard 4-6.1 and similarly finds that it does not impose an affirmative duty upon counsel to engage in plea negotiations. Here, Mr. Stuck's argument that his attorney would have been able to convince the United States of his innocence on two of the four counts against him is pure speculation. As such, he has not offered any evidence to show an error of counsel which rises to the level required by *Strickland*.

Mr. Stuck's final objection – to Judge Stanley's point that did he not accept responsibility for his actions during the presentence investigation – is likewise without merit. Judge Stanley made this point to articulate why, on the facts of the case, Mr. Stuck's attorney did not have a duty to engage in plea negotiations. Mr. Stuck's failure to admit guilt at any point of the proceeding is probative of his intentions. His attorney did not have had the obligation to pursue a plea agreement when Mr. Stuck did not intend to admit his guilt.

The court additionally has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

## CONCLUSION

For these reasons, the Court **FINDS** that Mr. Stuck has not met the standard required to show ineffective assistance of counsel. The Court **ACCEPTS** the magistrate judge's recommendations and **ADOPTS** her findings as its own. For the reasons articulated by Judge Stanley and by this Court *supra*, Mr. Stuck's § 2255 petition is **DENIED.** The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals' Service.

ENTER:    August 18, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE